IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Andrew Jurovcik, | Case No. 3:11 CV 1751 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Patricia Schmalz, et al., | |
| Defendants. | |

### INTRODUCTION

*Pro se* Plaintiff Andrew Jurovcik filed this action under 42 U.S.C. §§ 1981 and 1983 against North Central Correctional Institution ("NCCI") Health Care Administrator Patricia Schmalz and NCCI Chief Medical Officer Alvin Hale, M.D. (Doc. No. 1). Plaintiff alleges he was denied proper medical treatment and seeks monetary damages.

### BACKGROUND

Plaintiff's Complaint is very brief. He has several medical conditions, including elevated lipids, Gastroesophageal Reflux Disease ("GERD"), degenerative disc disease, obesity, and decreased sensation in his hands. Attachments to his Complaint indicate he was seen at an emergency room on April 30, 2010, for an unspecified medical problem. After this visit, he was referred to a neurosurgeon. One of his doctors ordered tests; however, Plaintiff does not specify the tests that were ordered, and does not state which tests were actually performed. It appears Plaintiff was given an MRI ("Magnetic Resonance Imaging"), but he does not provide the results. He states Schmalz cancelled the remaining tests and Hale altered his treatment plan. Plaintiff filed a grievance and some

additional testing was performed. Plaintiff contends Defendants still do not have a definitive treatment for his back and neurological symptoms, and argues Defendants violated his Eighth Amendment rights.

## STANDARD FOR DISMISSAL

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it lacks an arguable basis in law or fact, or if it fails to state a claim upon which relief can be granted. *McGore v. Wrigglesworth*, 114 F.3d 601, 608–09 (6th Cir. 1997).

A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). A cause of action fails to state a claim upon which relief may be granted when it lacks plausibility in the complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal* , 129 S. Ct. 1937, 1949 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. While Plaintiff is not required to include detailed factual allegations, he must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949 (citing *Bell Atl. Corp.*, 550 U.S. at 555). A pleading offering legal conclusions or a simple recitation of the elements of a cause of action will not meet this standard. *Id.* In reviewing a complaint, the court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

## ANALYSIS

Plaintiff claims Defendants violated his Eighth Amendment rights. The Eight Amendment embodies "broad and idealistic concepts of dignity, civilized standards, humanity, and decency," against which courts must evaluate penal measures. *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). "These elementary principles establish the government's obligation to provide medical care for those whom it is punishing by incarceration." *Id.* at 103. In *Wilson v. Seiter*, the Supreme Court set forth a framework for determining whether certain conditions of confinement constitute "cruel and unusual punishment" prohibited by the Eighth Amendment. 501 U.S. 294, 298 (1991).

First, Plaintiff must plead facts which, if true, establish a serious deprivation has occurred. *Id.* Seriousness is measured objectively, in response to "contemporary standards of decency." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992) (citing *Estelle*, 429 U.S. at 103). Second, Plaintiff must establish a subjective element: he must demonstrate prison officials acted with a culpable mental state. *Hudson*, 503 U.S. at 9. Routine discomforts of prison life do not suffice. *Id*. Only "deliberate indifference" to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. *Id.* "Deliberate indifference" is characterized by obduracy or wantonness -- it cannot be predicated on negligence, inadvertence, or good faith error. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

In the present case, Plaintiff fails to allege sufficient facts to support both the objective and subjective elements of his Eighth Amendment claim. First, Plaintiff does not allege a sufficiently serious deprivation occurred. While his medical conditions are arguably serious, there is no indication

he has been deprived of medical care. Plaintiff was treated in the Chronic Care Clinic for his elevated lipids; had several tests which showed he had degenerative disc disease in the mid and lower cervical spine; has been seen by a neurosurgeon; has had MRI tests on his cervical spine and his brain; has been examined by physicians for decreased sensation in his extremities and was given an Electromyography ("EMG," which involves testing muscular electrical activity); was instructed to sign up for nurses' sick call and make an appointment for a nutritional assessment; and his weight is being monitored by physicians (Doc. No. 1 at 5). Although Plaintiff believes additional testing could be done and complains he does not have a definitive treatment, there are no facts suggesting Plaintiff was deprived of proper medical care.

Second, Plaintiff has not alleged facts suggesting Defendants acted with a sufficiently culpable mental state to justify liability under the Eighth Amendment. *See Estelle*, 429 U.S. at 104 ("[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' . . . proscribed by the Eight Amendment."). An official acts with "deliberate indifference" when he acts with criminal recklessness, a state of mind requiring a conscious disregard of a substantial risk of serious harm. *Farmer*, 511 U.S. at 837. As mentioned above, mere negligence is insufficient. *Id.* at 835–36. While Plaintiff alleges Schmalz and Hale acted grossly negligent and engaged in conduct contrary to nationally accepted methods of practice (Doc. No. 1 at 2), he does not explain or support these statements. To satisfy notice pleading requirements, Plaintiff's Complaint must offer more than a sheer possibility that Defendants acted unlawfully. *Iqbal*, 129 S. Ct. at 1949. Plaintiff must include factual content that allows this Court to draw a reasonable inference Defendants are liable for the alleged misconduct. *Id.* The very brief statement

4

suggesting Defendants acted contrary to nationally accepted standards, without more, is insufficient to show "deliberate indifference."

Plaintiff also fails to state a claim for relief under 42 U.S.C. § 1981. Section 1981 prohibits racial discrimination in the making and enforcement of private contracts. The statute applies to all incidents of the contractual relationship, including discriminatory contract terminations. 42 U.S.C. § 1981(b); *see also Mitchell v. Toledo Hosp.*, 964 F.2d 577, 582 (6th Cir.1992). Plaintiff does not allege race was a factor in the decisions made for his medical care, nor does this case involve making or enforcing contracts. His reference to this Section is misplaced.

## CONCLUSION

For the foregoing reasons, this action is dismissed pursuant to Section 1915(e). Furthermore, under Section 1915(a)(3), this Court certifies an appeal could not be taken in good faith.

IT IS SO ORDERED

          s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

December 6, 2011